[Civ. No. 765. First Appellate District.—January 3, 1910.]

EDGAR M. WILSON, Respondent, v. LOTTA CRABTREE, ANNIE S. FRETWELL, F. E. SAWYER, Administrator, etc., of EDWIN FRETWELL, Deceased, Respondents, and SOPHIA C. LIVESEY, Appellant.

PRINCIPAL AND AGENT—MONEY FURNISHED BY PRINCIPAL TO PROTECT STOCK—ADMINISTRATION BY AGENT—PURCHASE OF ESTATE'S STOCK FOR ASSESSMENT.—A sister who was agent both for her sister and for her husband, who intrusted the agent with a large sum to protect his stock, and after his death was appointed administratrix of his estate at her sister's request, could not, under the circumstances, purchase such stock at a delinquent sale and set up title in herself.

APPEAL from a judgment of the Superior Court of Marin County, and from an order denying a new trial. Thos. J. Lennon, Judge.

The facts are stated in the opinion of the court.

E. B. Martinelli, for Appellant.

Powell & Dow, for Plaintiff, Respondent.

John Flournoy, for Lotta Crabtree, Respondent.

Barclay Henley, and Perry Evans, for Annie S. Fretwell, Respondent.

Jos. K. Hawkins, for F. E. Sawyer, Administrator, etc., Respondent.

COOPER, P. J.—This action was brought to determine the ownership of seven hundred and forty-seven shares of the capital stock of the Belvedere Land Company, a corporation. The court found the title to the said stock to be in the estate of Edwin Fretwell, deceased, and that the said estate at the times named in the complaint was and is the owner of the said stock, subject to the lien of the plaintiff Wilson thereon for the sum of $9,790, besides interest for moneys advanced by said Wilson upon said stock, the stock being pledged to him as security for said advances. Defendant Sophia C. Livesey has appealed from the judgment and from the order denying her motion for a new trial, upon the sole ground and contention that the evidence is insufficient to support the finding of the court as to the ownership of the stock.

We have carefully examined the evidence, and we not only find it sufficient, but we cannot see how the court could have arrived at any different conclusion therefrom.

The appellant, at the time she claims to have purchased the stock for a delinquent assessment in her own right for herself for the sum of ten dollars, had been the agent of her sister, Mrs. Fretwell, and of Edwin Fretwell in his lifetime, while they were abroad during the last illness of Edwin Fretwell. Prior to the departure of deceased and his wife for Europe the evidence shows that deceased was the owner of the stock and deposited over $5,000 to the credit of appellant in a bank in San Francisco, which she drew for her own purposes and for the purpose of paying assessments upon this stock. She paid assessments upon it out of the money so deposited amounting to $3,735. She collected the dividend on other stock owned by deceased, and paid a third assessment upon this stock. When Edwin Fretwell died abroad the appellant, at the request of her sister, was appointed administratrix with the will annexed of the estate. It is clear that she had no

right under the circumstances to purchase the stock at delinquent sale and set up title in herself.

The judgment and order are affirmed.

Hall, J., and Kerrigan, J., concurred.